UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DAVID D.[1], | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  CIVIL NO. 1:21cv353 |
| | ) |
| KILOLO KIJAKAZI, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for Supplemental Security Income under Title XVI of the Social Security Act. Section 205(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing." It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. §405(g).

The law provides that an applicant for disability benefits must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of no less than 12 months. . . ." 42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities

---

[1] For privacy purposes, Plaintiff's full name will not be used in this Order.

which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3).  It is not enough for a plaintiff to establish that an impairment exists.  It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity.  *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979).  It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff.  *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings." *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir. 1984) citing *Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g).  "Substantial evidence is defined as 'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see Allen v. Weinberger*, 552 F.2d 781, 784 (7th Cir. 1977).  "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." *Garfield*, *supra* at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after a hearing, the Administrative Law Judge ("ALJ") made the following findings:

1. The claimant has not engaged in substantial gainful activity since February 19, 2019, the application date (20 CFR 416.971 *et seq*.).

2. The claimant has the following severe impairments: remote history of left three finger tips amputation, regional/chronic pain syndrome, depression, mild

2

    intellectual disorder, attention deficit hyperactivity disorder, and spine disorders. (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except never climbing ladders, ropes, or scaffolds; occasionally climbing ramps and stairs, balancing, stooping, kneeling, crouching, and crawling; should avoid unprotected heights and dangerous moving machinery; can perform work requiring simple instructions and routine, repetitive tasks, defined as tasks and instructions that can be learned through short demonstration, up to and including one month; cannot perform work requiring a specific production rate, such as assembly-line work; can meet production requirements that allow a flexible and goal oriented pace; can maintain the focus, persistence, concentration, pace and attention to engage in such tasks for two-hour increments, for eight-hour workdays, within the confines of normal work breaks and lunch periods; can make only simple work-related decisions; could respond appropriately to predictable, routine changes in the workplace; could tolerate only brief and superficial interaction with supervisors, coworkers, and the general public, which is defined as occasional and casual contact with no prolonged conversations, but contact with supervisors still includes what is necessary for general instruction, task completion, or training; is limited to jobs that can be learned through physical demonstration or oral instructions and jobs that do not require more than simple reading or writing; could perform frequent handling and fingering with the dominant left upper extremity.

5. The claimant is capable of performing past relevant work as a groundskeeper DOT 406.687-010, SVP 2, light as performed. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 416.965).

6. The claimant has not been under a disability, as defined in the Social Security Act, since February 19, 2019, the date the application was filed (20 CFR 416.920(f)).

(Tr. 26-33)

Based upon these findings, the ALJ determined that Plaintiff was not entitled to benefits, leading to the present appeal.

3

Plaintiff filed his opening brief on March 14, 2022.  On May 23, 2022 the defendant filed a memorandum in support of the Commissioner's decision to which Plaintiff replied on June 7, 2022. Upon full review of the record in this cause, this court is of the view that the Commissioner's decision should be remanded.

A five step test has been established to determine whether a claimant is disabled.  *See Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290-91 (1987).  The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order:  (1)  Is the claimant presently unemployed?  (2)  Is the claimant's impairment "severe"?  (3)  Does the impairment meet or exceed one of a list of specific impairments?  (4)  Is the claimant unable to perform his or her former occupation?  (5)  Is the claimant unable to perform any other work within the economy?  An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled.  A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162 n.2 (7th Cir. 1985); accord *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984).   In the present case, Step 4 was the determinative inquiry.

In support of remand, Plaintiff first argues that the ALJ erred in her evaluation of his subjective symptoms. The parties dispute whether Plaintiff was literate enough to fill out at least one function report.  The ALJ and the Commissioner have taken the position that Plaintiff filled out one form and his mother filled out a second form, as the handwriting is different on the two forms.  Plaintiff explains in reply, however, that the mother filled out both forms, one in cursive

4

and one in printing, and thus they look different. Plaintiff has submitted an affidavit by the mother, which includes a handwriting sample in both cursive and printing. This Court will accept that the mother filled out both forms. As the ALJ's error in her evaluation of Plaintiff's statements regarding his illiteracy and education appears to have tainted her evaluation of his symptoms, the Court will remand for a new evaluation of his subjective symptom testimony.

Plaintiff also argues that the ALJ erred in her assessment of Plaintiff's level of care. The ALJ failed to account for Plaintiff's mental health impairments in the RFC because he did not require inpatient care and did not undergo consistent therapy. (Tr. 31). Plaintiff points out that he went to Park Center, which did not help his alleviate his mental health issues. It is incongruous for an ALJ to rely on the conservative nature of care to discount Plaintiff's testimony when the care he did receive was ineffective. Additionally, the ALJ failed to query as to why Plaintiff did not pursue more aggressive treatment, as required by the regulations. Thus, remand is required on this issue as well.

Next, Plaintiff argues that the ALJ erred by failing to account for medication side effects. Plaintiff asserts that the medication he takes for his depression makes him very tired, that he sleeps as much as 12 hours during the day, and that he often gets only 4 to 6 hours of sleep at night. The Commissioner argues that even if Plaintiff suffers from the alleged side effects, that he has not shown that the side effects affect his ability to work. The ALJ did not discuss or take into account Plaintiff's tiredness and need for excessive sleep. This was error, as an ALJ must provide reasons for rejecting testimony concerning medication side effects. *Moon v. Colvin*, 764 F.3d 718 (7th Cir. 2014). Thus remand is warranted on this issue.

Plaintiff further argues that the ALJ overemphasized daily activities and failed to account

5

for his impairments in combination. It is clear that the ALJ placed too much emphasis on basic activities, such as taking a shower and getting dressed.  These activities have no bearing on Plaintiff's ability to sustain full-time work. *Roddy v. Astrue*, 705 F.3d 631, 639 (7th Cir. 2013). Likewise, the ALJ failed to properly evaluate Plaintiff's past work.  Additionally, the ALJ failed to give proper consideration of the agency examining physician, Dr. Abdali Jan, M.D., who diagnosed Plaintiff as illiterate, having chronic midline low back pain, withdrawn effect, abnormal heel/toe walking, and reduced ROM limitations.  Thus, remand is required on these issues.

## Conclusion

On the basis of the foregoing, the Decision of the Commissioner is hereby REVERSED AND REMANDED.

Entered: June 27, 2022.

s/ William C.  Lee  
William C. Lee, Judge  
United States District Court